FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JAN 21 AM 10: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOSEPH BRADLEY, individually }
and on behalf of all others }
similarly situated, }
}
    Plaintiff }
}
vs. }
}
PEMCO AEROPLEX, INC., ET AL., }
}
    Defendants }

CIVIL ACTION NO.

97-AR-3234-S

Cko

ENTERED

JAN 2 1 1998

## MEMORANDUM OPINION

The summons and complaint by which the above-captioned action began in the Circuit Court of Jefferson County, Alabama, was served on the two defendants on July 8, 1997. Defendants did not remove the case to this court until December 18, 1997. In an effort to justify their failure to remove within thirty (30) days of receiving service of process, defendants allege that they only discovered the existence of a preemptive federal question as a basis for removal under 28 U.S.C. § 1331 when plaintiff answered three of defendants' requests for admission on November 25, 1997. Plaintiff's motion to remand asserts not only that no federal question exists but that if a federal question does exist defendants knew or, by the exercise of reasonable diligence, should have known of the existence of the federal question more than thirty (30) days before the notice of removal was filed, and

1

17

thus that the removal was not timely under 28 U.S.C. § 1446.

The existence of genuine federal question here is doubtful. The mere fact that it was an agreement between the UAW and Pemco that allegedly caused Pemco to violate the entirely separate alleged promise by Pemco to the members of the putative plaintiff class of replacement workers does not necessarily implicate, or make necessary, an interpretation of the agreement with the union. It is the alleged fraudulent representation made to the putative plaintiff class by defendants that is the gravamen of the complaint. The court finds no obligation upon plaintiff to invoke a federal statute or to state a federal claim.

Nevertheless, even if one assumes *arguendo* that, for some reason, the subject UAW agreement which settled the strike at Pemco must be interpreted, defendants allege in their notice of removal: "Consequently, the Union may properly be joined as a defendant in the case, thereby invoking this Court's original jurisdiction under section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a) (1994)." Defendants are, in effect, saying that the Union was a necessary party *ab initio*, and thus that a federal question inhered from the inception. The fact that plaintiffs deliberately chose not to sue the Union did not change this fact, if it is a fact.

The preemption doctrine that arises from 29 U.S.C. § 185(a) is not precisely the same as the super-preemption doctrine of

2

ERISA. It neither absorbs nor converts state causes of action into federal claims. Defendants, themselves, prove this proposition in their notice of removal when they specifically ask that this court maintain jurisdiction over the state law claims.

This court does not agree that *Baldwin v. Pirelli Armstrong Tire Corp.*, 927 F. Supp. 1046 (M.D. Tenn. 1996), the case largely relied on by the removing defendants, represents the law of the Eleventh Circuit or that it is a necessary outgrowth of *Lingel v. Norge Div. of Magic Chef*, 486 U.S. 1 (1988). Moreover, although this court agrees with the removing defendants that they should not have to risk taking a premature, erroneous removal simply in order to meet the 30-day removal deadline that starts at the first moment of removability, it also easily finds that, if this particular case was removable on November 25, 1997, when it was, in fact, removed, the case was equally removable well before plaintiff answered defendant's request for admissions and, therefore, that this removal was not timely. A defendant who suspects that a federal question exists, even if a federal statute or constitutional provision does not appear on the face of the well-pleaded complaint, has an obligation to investigate that suspicion within a reasonable period of time after the suspicion arises in order to ascertain the relevant facts bearing on removability and not to allow an unreasonable expenditure of time and effort while the case proceeds in the state court. A

3

good analogy is found in fraud cases in which the statute of limitations is interposed as a defense. This court well remembers *First Federal Savings & Loan of Miami v. Mortgage Corporation of the South*, 650 F.2d 1376 (5th Cir. 1980). In that case, plaintiff argued that it did not want to charge defendant with fraud until it had sufficient evidence to prove the existence of fraud. The Fifth Circuit found, however, that in a case in which particular facts were known sufficient to put plaintiff upon inquiry, it was incumbent upon plaintiff to act diligently to complete any needed investigation, to reach a conclusion, and to file suit in a timely fashion. If defendants in the instant case truly believe that a federal question exists, then they most certainly knew enough about plaintiff's claims to have removed this case earlier than they did, and they could have done so with no more risk than they assumed when they did finally remove it. Furthermore, even if requests for admissions were necessary to make abundantly sure (something that this court doubts), then the requests for admissions could and should have been made much sooner.

Plaintiff accompanies his motion to remand with a request for the award of attorneys fees for his hoped-for successful resisting of the removal. If such an award is justified, then it would provide a vehicle for an appeal by defendants that will not exist if the court denies plaintiff's request. *See* 28 U.S.C. §

4

1447(d). More importantly, plaintiff conceded during oral argument that the removal was taken in good faith. The court will assume that plaintiff is more interested in pursuing his claim, and the claims of the class he proposes to represent, in the forum he chose for himself and the class he wants to represent than in obtaining reimbursement for his attorneys fees incurred as a consequence of an erroneous removal. Again, an award of attorneys fees to plaintiff would constitute an appealable order and, therefore, would provide an opportunity for the Eleventh Circuit to pass on the efficacy of the removal and of the order of remand.

A separate order of remand will be entered.

DONE this 21st day of January, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE